IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SHAWN HOWARD WELLER,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE DEPT. OF CORRECTIONS, et. al.,<br><br>Defendants. | Cause No. CV 09-00037-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Shawn Howard Weller's civil rights Complaint (Court's Doc. No. 2) and his Motion for Photocopies. (Court's Doc. No. 9). On April 20, 2009, this Court issued an Order finding Weller had failed to state a claim upon which relief could be granted but permitted Weller an opportunity to file an Amended Complaint. (Court's Doc. No. 5). On May 11, 2009, Weller filed an Amended

Complaint (Court's Doc. No. 7).  On May 18, 2009, he filed a Supplement to the Amended Complaint (Court's Doc. No. 8).  For reasons explained below, Weller has still failed to state a claim upon which relief may be granted.  Therefore, his case will be recommended for dismissal and his motion for photocopies denied as moot.

    As set forth in the Court's prescreening Order, prisoners have a constitutional right of access to the courts.  See [Lewis v. Casey, 518 U.S. 343, 346 (1996)](#); [Bounds v. Smith, 430 U.S. 817, 821 (1977)](#).  But in order to establish a violation of the right of access to the courts, a prisoner must demonstrate they suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  See [Lewis, 518 U.S. at 349](#).  An "actual injury" is an "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" [Lewis, 518 U.S. at 348](#).

    Weller did not alleged Defendants actions caused him actual injury in his Complaint or in his Amended Complaint.  In fact, he

states there is not a time limit on his habeas petition.[1]  There is no allegation the photocopy limitation has caused Weller to be unable to meet a filing deadline.  Therefore, Weller's case fails to state a claim upon which relief may be granted and should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from

---

[1] Weller does not state whether he is attempting to file a state habeas petition or a federal habeas petition.  A one-year statute of limitations applies to federal petitions filed under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d) provides as follows:
(1) A 1 year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Weller's direct appeal was denied on May 19, 2009.  Accordingly, Weller cannot show a federal petition for writ of habeas corpus would be time barred.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-09-00037-BLG-RFC-CSO / PAGE 3

bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Weller's case fails to state a claim upon which relief may be granted as set forth above. For this same reason, the Court should certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are deemed frivolous because Weller, after being provided an opportunity to amend to demonstrate an actual injury, has not done so.

Based on the foregoing, the Court hereby issues the following:

### ORDER

1. Weller's Motion to Make the Department of Correction grant him the proper amount of photocopies (Court's Doc. No. 9) is DENIED as MOOT.

2. At all times during the pendency of this action, Weller SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-09-00037-BLG-RFC-CSO / PAGE 4

OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Weller has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

## RECOMMENDATION

1. This matter should be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

2. The Court should order the Clerk to have the docket reflect that this dismissal counts as a strike pursuant to [28 U.S.C. § 1915(g)](#) based upon Weller's failure to state a claim upon which relief may be granted.

3. The Court should also certify pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Weller's claim as stated  is

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-09-00037-BLG-RFC-CSO / PAGE 5

frivolous and no reasonable person could suppose an appeal would have merit.

    4.  The Court should direct the Clerk of Court to enter Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure indicating this action is dismissed for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Weller may serve and file written objections to these Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-09-00037-BLG-RFC-CSO / PAGE 6

Ylst, 951 F.2d 1153 (9th Cir. 1991).

      DATED this 25th day of June, 2009.

                                    */s/ Carolyn S. Ostby*
                                    Carolyn S. Ostby
                                    United States Magistrate Judge